CHICAGO—FIRST DISTRICT—MAY, 1917.     625

Lanward P. Co. v. N. A. of S. E. of the U. S. of A., 205 Ill. App. 625.

## Lanward Publishing Company, Appellee, v. National Association of Stationary Engineers of the United States of America, Appellant.

### Gen. No. 22,424.

1. CONTRACTS, § 224*—*how term "due and unpaid" in provision in publishing contract for division of proceeds from sale of space construed.* Where a publishing contract under which the parties are to divide the proceeds from the sale of advertising space provides that on its termination a committee chosen by the parties to adjust the claims and profits arising from and out of any business transactions by the parties, for and in behalf of the publication, which may remain "due and unpaid" at the expiration of the agreement, the term "due and unpaid" includes claims arising out of outstanding unexpired advertising contracts which, at the time of the termination of the publishing contract, were due and unpaid, but not then payable, and cannot be limited to such parts of those contracts as are due and payable at that time, where the latter construction would render ineffective a preceding clause of the publishing contract providing that the outstanding assets shall be distributed equitably between the parties on its termination.

2. CONTRACTS, § 224*—*what constitute "outstanding assets" within publishing contract for distribution of proceeds on its termination.* In an action to recover on a contract providing for the distribution between the parties of the proceeds of the sale of advertising space in a publication, certain contracts for advertising space outstanding and unexpired at the termination of the publishing contracts, *held* to be jointly owned by the parties to the publishing contract and to constitute "outstanding assets" within the meaning of a provision in the latter contract for the distribution of "outstanding assets" on its termination.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917. *Certiorari* denied by Supreme Court (making opinion final).

DUNNE & MURPHY, for appellant; FRANCIS O'SHAUGHNESSY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

626    Appellate Courts of Illinois.

Lanward P. Co. v. N. A. of S. E. of the U. S. of A., 205 Ill. App. 625.

Mr. Justice McDonald delivered the opinion of the court.

The Lanward Publishing Company (plaintiff below), recovered a judgment against defendant for $6,039.89 in an action for the reasonable value of certain advertising contracts, to reverse which this appeal is prosecuted.

On January 27, 1904, the parties hereto entered into a written contract by the terms of which plaintiff agreed to publish and distribute monthly to defendant's members a periodical known as the National Engineer, this being the official organ of the defendant association. Plaintiff was to be compensated therefor out of funds derived from the sale of advertising space in said publication, twenty-five per cent. of the gross proceeds of which was to be turned over to the defendant as its share thereof; each party having the right to terminate said contract on December 31, 1909, provided it gave the other one year's notice of its election to do so, in which event the contract provided, "whatever outstanding assets there may be under the control of the parties hereto shall be distributed in an equitable and just manner to the party or parties entitled thereto."

On December 15, 1908, defendant notified plaintiff of its election to abrogate said contract effective December 31, 1909, and subsequently placed the publication of the National Engineer in other hands. When the publishing agreement came to a close, it was found that a great number of the advertising contracts procured by plaintiff were still in force.

The question presented for determination on this appeal is, Do the advertising contracts just referred to constitute part of the "outstanding assets" within the meaning of the aforementioned provision of the publishing contract?

Defendant contends that the term "outstanding assets" does not include the advertising contracts in

question, and in support thereof directs our attention to the following clause in the publishing contract, which it contends' limits and defines the term "outstanding assets:"

"It is further agreed by the said parties of the said first and second part that a committee of two be chosen by each of the parties herein, to adjust all claims and profits arising from and out of any business transactions by the parties herein, for and in behalf of said publication, which may remain due and unpaid at the expiration of this agreement."

It is argued that the terms "outstanding assets * * * to be distributed," and "claims and profits * * * due and unpaid" refer to and include precisely the same subject-matter, and that the latter expressly limits the adjustment to be made by the committee thereinabove provided for, to "claims and profits * * * which may remain due and unpaid at the expiration of this (the publishing) agreement." Underlying this contention is the theory of defendant, that the unexpired portions of these advertising contracts were neither claims or profits due, nor claims or profits unpaid. Obviously defendant construes the term "due and unpaid" to mean due and payable.

The legal meaning of the term "due," as defined by the Century Dictionary, is: "Owing, irrespective of whether the time of payment has arrived; presently payable; already matured." It will therefore be seen that the expression "due and unpaid" does not necessarily mean due and payable. To so restrict its meaning would be to render nugatory the preceding clause of the publishing contract so far as it relates to outstanding assets not payable at the time of the termination of the publishing contract. Such a construction would militate against the well-settled rule that a contract should be construed as a whole and effect given to every part thereof if possible. Applying this rule to the contract now under consideration, we are im-

pelled to the conclusion that the term "due and unpaid," as hereinabove used, refers to the claims arising out of the outstanding unexpired advertising contracts in question which at the time of the termination of the publishing contract were due and unpaid, but not then payable.

There can be no question that during the life of the said publishing contract plaintiff had an interest in the moneys realized from the publication of advertisements thereunder. Clearly, therefore, the advertising contracts were assets; and if they were assets during the life of the publishing agreement, they were not transmuted by its cancellation. Nor does defendant suggest any other classification for them.

Both defendant and plaintiff lay claim of exclusive ownership to these contracts, and our attention is directed to various circumstances which each considers as tending to bear out its assertion.

In our opinion, neither party had the sole ownership of these contracts to the exclusion of the other, but both jointly owned and had control of them. They therefore constituted "outstanding assets  *   *   * under the control of the parties hereto."

The court therefore properly entered the judgment complained of.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*